*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANK SANCHEZ,

        Plaintiff,

        v.

S. ADAMS, et al.,

        Defendants.

Civil Action No. 14-6994 (JLL)

**OPINION**

**LINARES**, District Judge:

Presently before the Court is Defendants' motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6). (ECF No. 17). Plaintiff, Frank Sanchez, has filed a response to the motion (ECF No. 18), to which Defendants have responded. (ECF No. 19). Also before the Court are Plaintiff's application for pro bono counsel (ECF No. 10), application to freeze Defendants' wages and accounts (ECF No. 11), and application for an injunction (ECF No. 12). For the following reasons, Defendants motion to dismiss will be granted and Plaintiff's complaint will be dismissed without prejudice for failure to state a claim for which relief can be granted. As this Court is dismissing Plaintiff's entire complaint for failure to state a claim, his remaining applications (ECF No. 10, 11, and 12) will be denied as moot.

## I. BACKGROUND

The following facts are drawn from the allegations contained in Plaintiff's complaint. (ECF No. 1). Plaintiff is currently civilly committed to the East Jersey State Prison Special Treatment Unit (STU) in Avenel, New Jersey, pursuant to the New Jersey Sexually Violent Predator ("SVP") Act, N.J. Stat. Ann. § 30:4-27.24 *et seq.* (ECF No. 1 at 3, 6). Defendant S. Adams is a unit director within that facility, Defendant M. Main is the Director of the facility, and Defendant Y. Corniel is a Program Coordinator within the facility. (*Id.* at 4-6).

Plaintiff alleges that under the SVP Act, he is entitled to receive "Mental Health Sex Offender TREATMENT." (*Id.* at 6-7). He further states that "[t]he question of [an] appropriate TREATMENT Plan for Committee to Psychiatric Institution was Not to wait [for a] possible Re-Hearing, but required prompt and certain resolution, where evidence suggest[s] that TREATMENT afford[ed] to Committee was Not providing Him with [a] meaningful opportunity for Cure or Improvement." (*Id.* at 7). Although exactly what Plaintiff means by this is unclear, he further alleges that he is hearing impaired and has difficulty reading both in that he has trouble actually discerning the words on the page as he reads them and in that he has problems understanding what he has read after having discerned what is written. (*Id.*). Plaintiff therefore alleges that he is not receiving proper treatment as he cannot understand the treatment being provided him. (*Id.*). Plaintiff does not, however, describe what treatment is afforded, or how his hearing difficulties impact that treatment, nor what treatment should be provided.

As to Defendants, Plaintiff asserts the same allegations against each:

> Out of Spiteful Malice, [Defendants] used [their] job[s] to assert

2

[their] personal agenda by failing to provide this Plaintiff with the necessary, meaningful and adequate Hearing Impaired Mental Health care Sex Offender TREATMENT and the opportunity for Release, to which violated this Plaintiff['s] constitutionally protected rights to

1)- Falure to provide TREATMENT in Violation of the Fourteenth Amendment to the United States Constitution and the State of New Jersey Constitution;

2)- Failure to provide TREATMENT in Violation of the State of New Jersey Civil Commitment and TREATMENT Act;

3)- Denial of the Right to be Free from Punishment in Violation of the Fourteenth Amendment to the United States Constitution and the State of New Jersey Constitution;

4)- Denial of Less Restrictive Alternative Confinement in Violation of the Fourteenth Amendment to the United States Constitution and the State of New Jersey Constitution;

5)- Denial of the Right to be Free from Inhumane TREATMENT in Violation of the Fourteenth Amendment to the United States Constitution and the State of New Jersey Constitution;

6)- The [S.V.P. Act] is Unconstitutional as applied;

7)- Violation of a Court Order TREATMENT;

8)- The [S.V.P. Act] Violates the Equal Protection Clause of the Fourteenth Amendment as applied.

(*Id.* at 4-7). Although Plaintiff repeats these allegations as to each Defendant, and then against all three Defendants' collectively, he adds no further details and alleges no further facts in his complaint as to what each actions any Defendant took in regards to Plaintiff or as to any policies any Defendant may have enacted. (*Id.*).

3

## II. DISCUSSION

### A. Legal Standard

When called upon to decide a motion to dismiss under Rule 12, a district court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). Under the Supreme Court's holding in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In order to survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter" to show that its claims are facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Dempster*, 764 F.3d at 308 (quoting *Iqbal*, 556 U.S. at 678). Although *pro se* pleadings, such as those at issue here, should be construed liberally, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### B. The Younger Abstention Doctrine is inapplicable in this case

Defendants argue that this Court should refrain from hearing this matter pursuant to the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). In so arguing,

4

Defendants argue that all three of the factors considered in *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) have been met. Defendants' argument, however, fails to account for the Court's decision in *Sprint Comm. v. Jacobs*, --- U.S. ---, ---, 134 S. Ct. 584 (2013).

In *Sprint*, the Court reaffirmed the basic principles underlying the application of the *Younger* doctrine. Generally, federal courts have "no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Sprint*, 134 S. Ct. at 590-91 (quoting *Cohens v. Virginia Wheat*, 6 Wheat. 264, 404 L. Ed. 257 (1821)). Where jurisdiction exists, a federal court's "obligation to hear and decide a case is virtually unflagging." *Id.* at 591 (internal quotations omitted). The *Younger* doctrine represents a limited exception to that general rule applicable where comity and federalism concerns require abstention in the face of state judicial action. *Id.* While originally applicable only to challenges to state criminal proceedings, the doctrine has been applied to certain classes of civil actions as well. *Id.*

While the doctrine may apply in certain civil actions, abstention is only warranted by exceptional circumstances. *Id.* Such exceptional circumstances exist in only three types of proceedings: ongoing state criminal prosecutions, certain "civil enforcement proceedings" of a quasi-criminal nature, and "pending civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial function." *Id.* at 591-92 (internal quotations omitted). As to the second category of cases, the Court has held that abstention only arises in civil enforcement proceedings which are "akin to a criminal prosecution in important respects." *Id.* at 592 (internal quotations omitted). Generally, these actions are initiated to sanction the federal plaintiff for "some wrongful act," routinely include a state actor as a party to

5

(and often as the initiator of) the state action, and most often involve investigations culminating in the filing of a formal complaint or charges. *Id.*

As to the three factors announced in *Middlesex* which Defendants claim warrant abstention here, the *Sprint* Court clearly rebuked the use of those factors to support abstention in cases which do not fit the three classifications discussed above. *Id.* at 593. The Court specifically admonished those courts which had held that the finding of the three *Middlesex* factors (that there is an ongoing or pending state judicial proceeding, which implicates important state interests, and provides an adequate opportunity to raise federal challenges) warranted abstention even in the absence of one of the three categories of cases in which *Younger* applies. *Id.* In so doing, the Court clarified that the *Middlesex* factors are only additional points the courts should consider in deciding whether to abstain in civil cases which are "akin to a criminal proceeding" as was the attorney disciplinary hearing underlying *Middlesex*. *Id.* The *Middlesex* factors are not dispositive of an abstention claim, and will not warrant abstention where the alleged state proceeding does not fit one of the three categories outlined above. *Id.* To hold otherwise, the Court observed, would permit *Younger* to be invoked in "virtually all parallel state and federal proceedings, at least where a party could identify a plausibly important state interest." *Id.*

Defendants argue that *Younger* applies only on the basis of the three *Middlesex* factors. They do not argue, and have not shown that Plaintiff's complaint falls into any one of the three categories delineated in *Sprint*. As a finding that the *Middlesex* factors apply is insufficient to establish that this Court should abstain in the absence of a showing that Plaintiff's claims fall into one of the three *Sprint* categories, Defendants have failed to show that this Court should abstain from hearing Plaintiff's claims.

6

### C. Plaintiff's compliant fails to state a claim for which relief can be granted as to the named Defendants

Plaintiff's complaint does not clarify what types of claims Plaintiff seeks to raise. Although Plaintiff writes "N/A" in the box which would indicate that his claim is brought pursuant to 42 U.S.C. § 1983, the Court can discern no other federal cause of action which would encompass the allegations Plaintiff has asserted. Section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]." *Woodyard v. Cnty. Of Essex*, 514 F. App'x 177, 180 (3d Cir. 2014). To assert a claim under § 1983, a plaintiff must allege that he was deprived of a federal statutory or constitutional right by an individual acting under color of state law. *Id.* When evaluating a § 1983 claims, a district court must first "identify the exact contours of the underlying right said to have been violated" and determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Here, Plaintiff appears to be claiming that the allegedly inadequate treatment he receives at the STU violates the Fourteenth Amendment and his confinement similarly amounts to unconstitutional punishment under that amendment as a result.

Problematically, however, Plaintiff provides few if any facts in addition to his conclusions that Defendants harmed him. As the Court held in *Iqbal*,

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly* [*v. Bell Atl. Corp.*, 550 U.S. 544, 555 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it

7

> demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. [*Id.*] A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Id.* at 555.] Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." [*Id.* at 557.]
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Id.* at 570.] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Id.* at 556.] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [*Id.*] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" [*Id.* at 557.]
>
> . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock discovery for a plaintiff armed with nothing more than conclusions. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"- "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

556 U.S. at 677-679.

The only claim for which Plaintiff provides any facts, as opposed to unsupported allegations of constitutional violations, is his claim that he is receiving inadequate treatment. Plaintiff pleads only three Defendants, however, all of them supervisors. Pursuant to the doctrine of substantive due process, the Court has held that mentally retarded persons confined by the State have a right to receive proper mental treatment. *See Youngberg v. Romeo*, 457 U.S. 307, 316-22 (1982). The Third Circuit extended this reasoning to apply those prisoners whose term of incarceration is dependent upon their receiving treatment in *Leamer v. Fauver*, 288 F.3d 532, 545-

8

47 (3d Cir. 2002). In that case, the Third Circuit concluded that, because the plaintiff's release from incarceration was dependent upon his achieving certain treatment goals under a now-repealed New Jersey Statute, denial of adequate treatment was conscience-shocking. *Id.* The Court concluded that the defendants would therefore be liable to that plaintiff if the denial of adequate medical treatment was the result of deliberate indifference. *Id.* at 547. This same theory of liability under § 1983 has likewise been applied to S.V.P. plaintiffs. *See Thomas v. Adams*, 55 F. Supp. 3d 552, 576-80 (D.N.J. 2014). A § 1983 Plaintiff, however, must still show the personal involvement of each Defendant in the violation he has allegedly suffered. *Id.* at 579.

Where an S.V.P. Plaintiff seeks to apply this theory of liability to a supervisor, as Plaintiff does here, a plaintiff must therefore show the following four elements: (1) that the defendant supervising officials make system-wide determinations, (2) those determinations are the moving force behind the circumstances "under which the subordinate officers effectively have no choice but to deny/reduce/change an [S.V.P.'s] prescribed medical/mental treatment for non-medical reasons," (3) such denial or change of treatment was foreseeable under the determinations made by the supervising defendants, and (4) there is a causal link between the supervisor defendant's decisions and the injury to the plaintiff. *Id.* at 577; *see also Brown v. Plata*, --- U.S. ---, 131 S. Ct. 1910, 1928-29 (2011); *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 310, 316-20 (3d Cir. 2014) ), *rev'd on other grounds*, 135 S. Ct. 2042 (2015); *Leamer*, 288 F.3d at 545-47; *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993); *White v. Napolean*, 897 F.2d 103, 113 (3d Cir. 1990). As the District Court held in *Thomas*, to plead a plausible claim for relief, then, an SVP must show that

> There are facts (either pled or amenable to judicial notice) showing

9

> that the supervisors' decisions created an operational regime laden with an unreasonable risk of denial of (or reduction/change in) the plaintiff['s] mental care for non-medical reasons, and defendants-supervisors, being aware that their systemwide decisions entailed such risk elected to proceed with implementation of their decisions (regardless of whether the defendants-supervisors were acting maliciously *or* were prompted to act by [an] unfortunate slew of external . . . circumstances); and . . . the causal link between these systemwide decisions and denial of (or reduction/change in) the plaintiff['s] mental care can reasonably be inferred from the lack of facts indicating that subordinate officers had a meaningful discretion to properly perform their duties under the circumstances . . . triggered by the . . . systemwide decisions.

*Thomas*, 55 F. Supp. 3d at 579-80.

Plaintiff fails to plead sufficient facts to make out such a claim. As to each Defendant, Plaintiff pleads only that they "out of spiteful malice . . . used [their] job[s] to assert [their] personal agenda by failing to provide this Plaintiff with the necessary, meaningful and adequate . . . mental health care." (ECF No. 1 at 5). Plaintiff has provided no more than the sort of unadorned, bare assertion that the defendants harmed him that *Iqbal* held to be inadequate to state a plausible claim for relief. *See* 556 U.S. at 677-81 (petitioner's claim that supervisory defendants "knew of, condoned, and willfully and maliciously agreed to subject [him] to harsh conditions of confinement . . . solely on account of [his] religion" was no more than a bare assertion amounting to a formulaic recitation of the elements of a claim). On the basis of this bare assertion, Plaintiff in turn concludes that the Defendants violated his Fourteenth Amendment rights and that the SVP Act is unconstitutional as applied as a result. He provides no further facts in support of these conclusions which would nudge his claims from the realm of possibility to plausibility.

Plaintiff provides no facts as to what treatment is provided, what treatment should instead be provided, what aid he does or should receive to deal with his hearing issues, or any other facts

which would support his conclusory allegations that Defendants harmed him. Plaintiff has likewise not pled any facts which would connect these supervisor Defendants to his assertions that he is not receiving adequate treatment. He provides no facts which would allow this Court to infer how the decisions made by these Defendants impacted the treatment he receives nor how any were personally involved in any denial of treatment to Plaintiff. Plaintiff has therefore not plead a facially plausible claim that Defendants have denied him adequate treatment as required by the Due Process Clause of the Fourteenth Amendment. *Thomas*, 55 F. Supp. 3d at 579-80; *Iqbal*, 556 U.S. at 677-79. As Plaintiff has provided no facts at all as to his remaining constitutional claims, having instead provided only a list of the violations he concludes have occurred without providing any factual recitations or allegations whatsoever, those claims, too, have not been sufficiently pled to establish a plausible claim for relief which meets the pleading standards of Rule 8. *Iqbal*, 556 U.S. at 677-79. As such, Plaintiff has failed to plead a claim for which relief may be granted, and his complaint must be dismissed without prejudice. This Court will therefore grant Defendants' motion to dismiss.[1] Finally, because this Court will grant Defendants' motion and dismiss the entire complaint, Plaintiff's applications for pro bono counsel, to freeze Defendants' assets, and for an injunction will be denied as moot.

---

[1] Because Plaintiff's entire complaint will be dismissed without prejudice, this Court need not reach Defendants' arguments regarding their entitlement to qualified immunity.

11

## III. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss (ECF No. 17) is GRANTED; this Court will dismiss Plaintiff's complaint without prejudice; and Plaintiff's applications for pro bono counsel (ECF No. 10), to freeze Defendants' assets (ECF No. 11), and for an injunction (ECF No. 12) will be DENIED as moot. An appropriate order follows.

_____
Hon. Jose L. Linares,
United States District Judge